UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNAY JOHNSON,

        Plaintiff,

v.                              Case No. 3:18-cv-720-J-39JBT

LT. A. STORNO, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He names as Defendants four employees of the Suwannee Correctional Institution (SCI). Plaintiff appears to attempt to assert an Eighth Amendment deliberate indifference claim based upon a sexual assault by other inmates, which allegedly occurred on March 3, 2018. See Complaint at 5. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims adequately. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. In amending his

complaint, Plaintiff must clarify the nature of his claims and the individual Defendants' roles with respect to any alleged constitutional violation. Specifically, Plaintiff should consider the following. Under "Basis for Jurisdiction" in section II, Plaintiff must state the specific constitutional right or federal law that each Defendant allegedly violated (for example, the Eighth Amendment). In section IV, "Statement of Claim," Plaintiff must concisely, yet clearly, set forth the relevant facts regarding the incidents allegedly resulting in a constitutional violation.[1] He should concentrate his efforts on describing what happened and how each named Defendant caused injury to him.[2] As the Complaint is currently drafted, the role of each named Defendant is unclear, as are the dates on which the alleged violations occurred.[3]

---

[1] He may attach additional pages to the complaint form, if necessary, but he must include page numbers on each page.

[2] Plaintiff should focus his allegations on the actions or inactions of each named defendant who injured him. To survive dismissal, the complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. That a court must accept factual allegations as true does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

[3] Plaintiff references two different dates, March 3, 2018, and April 30, 2018. What occurred on each date, and which Defendants may have been involved on each date, is unclear. See Complaint at 5.

Plaintiff should separately number each allegation when describing the relevant facts and the Defendants' actions or omissions. Although Plaintiff is proceeding pro se, he must follow the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Under "Injuries" in section V, Plaintiff must state how each Defendant's actions or omissions are causally related to an alleged sexual assault and resulting injuries. For example, Plaintiff states that he sustained injuries, though he does not indicate, either in section V or section IV ("Statement of Claim") how his injuries are attributable to individual Defendants. Under "Relief," Plaintiff must clearly articulate what he seeks through this action.[4] As currently stated, the relief Plaintiff seeks is unclear.

Plaintiff also appears to be raising multiple and potentially unrelated claims. For instance, Plaintiff's Complaint lacks factual allegations with respect to Defendant Sgt. Luck. However,

---

[4] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek . . . ." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

Sgt. Luck is named in a letter Plaintiff filed with his Complaint (Doc. 1-1), in which he references separate incidents seemingly unrelated to the claim involving the other three Defendants. If the claims against each Defendant are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. To the extent some information is included that is not relevant to any claims or alleged constitutional violations, the information should be excluded or limited to enable the Court to engage in a proper review and to enable Defendants to effectively respond.

Finally, Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff should carefully review the instructions in this Order and on the civil rights complaint form to determine whether he can present allegations sufficient to state a cause of action

under the relevant law.[5] If Plaintiff does not have a good-faith belief that he can state an actionable claim, he may voluntarily dismiss the action at any time.[6]

Accordingly, it is

**ORDERED**:

1. The **Clerk** is directed to send Plaintiff a civil rights complaint form.

2. To proceed with this action, Plaintiff must mail an amended complaint to the Court for filing no later than **July 12, 2018**. He should do so on the enclosed civil rights complaint form consistent with the directions given in this Order and the instructions on the form. Plaintiff is advised that the amended complaint will serve as the operative complaint in this action unless the Court otherwise orders. Thus, Plaintiff's amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original Complaint. This case number (**3:18-cv-720-J-39JBT**) should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written on the top of the form. When submitting an

---

[5] Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is punishable by a fine or imprisonment, or both.

[6] He should consider the running of the statute of limitations in making his decision.

5

amended complaint, Plaintiff should submit a service copy of the complaint, including exhibits, for each named Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of June, 2018.

*[Signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Dannay Johnson